UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:06-CV-142-AS |
| ) | |
| JOHN R. VanNATTA, ) | |
| ) | |
| Respondent. ) | |

*OPINION AND ORDER*

Kevin Jackson, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 60 day loss of good time in case MCF 06-01-0065 on January 11, 2005 by the Conduct Adjustment Board at the Miami Correctional Facility.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Mr. Jackson attempts to raise three grounds in this challenge. First he argues that the Conduct Adjustment Board (CAB) did not consider all of the evidence because he presented a witness statement from another inmate stating that he gave Mr. Jackson an envelope containing tobacco. It is clear that the CAB read and considered this statement because, as Mr. Jackson repeatedly argues, they issued a conduct report based on the witness's confession. In sum, this argument is nothing more than a

disagreement with how the CAB weighed and evaluated the evidence, not that it did not receive and consider the witness statement. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) permits an inmate the right to present evidence, it does not permit the inmate to dictate how that evidence is treated and regarded.

Second, he argues that the CAB did not comply with Adult Disciplinary Policy rules, but habeas corpus relief is only available for the violation of a federal right. 28 U.S.C. § 2254(a). This court cannot grant habeas corpus relief based on the violation of a prison rule, therefore in this proceeding, it is not relevant whether the CAB violated one. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

Finally, Mr. Jackson argues that it was double jeopardy to find both he and his witness guilty of possession of tobacco. It was not, and it is not relevant whether someone else was also convicted of possession of the same tobacco. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, Mr. Jackson's witness's statement explains that he gave Mr. Jackson an envelope containing tobacco. This is some evidence that Mr. Jackson possessed tobacco, as well as that the witness did also. *See Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th

Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

What Mr. Jackson is really complaining about is that the CAB did not believe his witness's statement that Mr. Jackson did not know what was in the envelope. But they did not have to believe that part of the statement. Mr. Jackson had the envelope (he admits this), the envelope contained tobacco (he admits this too). That is some evidence that Mr. Jackson possessed tobacco.

For the foregoing reasons, the court **DENIES** this petition, and **DISCHARGES** the respondent from any obligation to respond to this court's order to show cause.

**IT IS SO ORDERED.**

**ENTERED: October   3  , 2006**

                                  **S/ ALLEN SHARP**
                                **ALLEN SHARP, JUDGE**
                                **UNITED STATES DISTRICT COURT**